UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| POPLAR OAKS, INC., | ) |
| Plaintiff, | ) Civil Case No.: 15-cv-60281-WJZ |
| v. | ) |
| JOHN DOE subscriber assigned IP address 75.74.184.31, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO QUASH [CM/ECF 7]**

I.   INTRODUCTION

Plaintiff, Poplar Oaks, Inc. ("Plaintiff"), respectfully requests this Court deny the subject Motion.  This Court previously found that "Plaintiff has established that good cause exists . . . for it to serve a third party subpoena on Comcast Cable, the Internet Service Provider[.]"  Order, CM/ECF 6.  Indeed, without the subpoena response from Defendant's ISP this case cannot proceed.  Defendant's motion fails to argue a legally cognizable reason (or any reason at all) for this Court to quash the subpoena issued to Defendant's internet service provider ("ISP").  For the foregoing reasons, as explained more fully below, this Court should deny the subject Motion.

II.  LEGAL STANDARD

Fed. R. Civ. P. 45(d)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or, subjects a person to undue burden.  *See Fed. R. Civ. P. 45(d)(3)(A)(i-iv)*.  The Rule also provides for circumstances in which a court may modify or

1

quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions. *See Fed. R. Civ. P. 45(d)(3)(B)(i-ii)*. "No other grounds are listed." *Malibu Media, LLC v. John Does 5-8*, 2013 WL 1164867 at *2 (D. Colo. 2013) (denying motion to quash in similar BitTorrent copyright infringement action where defendant's motion failed to articulate a reason to quash the subpoena that complied with Rule 45).

### III. THERE IS NO LEGALLY COGNIZABLE REASON UNDER FED. R. CIV. P. 45 TO QUASH THE SUBPOENA

"The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, 2014 WL 5599105, at *3 (M.D. Fla. 2014). Here, "Defendant does not argue, and has not shown, that any of the grounds set forth in Rule 45 upon which a court may quash a subpoena are present." *Malibu Media, LLC v. Doe*, 2014 WL 2861482, at *3 (M.D. Fla. June 24, 2014). Defendant has failed to establish any of the requirements of Rule 45. Instead, Defendant merely asserts, "I have a device that was assigned an IP address 75.74.184.31. I am requesting a protective motion to quash or vacate the Subpoena for I was allegedly accused of downloading or uploading material by Good Man Productions." CM/ECF 7. If anything, Defendant's Motion contains a mere denial of liability. "Defendant's denial of liability, however, is not a sufficient basis for quashing the subpoena, which would prevent Plaintiff from obtaining the alleged infringer's identifying information." *Malibu Media, LLC v. Doe*, 2014 WL 1292692, at *1 (M.D. Fla. Mar. 31, 2014). *See also e.g. First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 250 (N.D. Ill. 2011) ("Because general denials of liability are not a basis on which subpoenas may be quashed under Rule 45, subpoenas served on Doe Defendants' ISPs will not be quashed. The Putative Defendants' motions are therefore denied.")

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: April 24, 2015.

>Respectfully submitted,
>
>By: */s/ Jason H. Cooper*
>Jason H. Cooper (98476)
>jcooper@lebfirm.com
>By: */s/ M. Keith Lipscomb*
>M. Keith Lipscomb (429554)
>klipscomb@lebfirm.com
>LIPSCOMB EISENBERG & BAKER, PL
>2 South Biscayne Blvd.
>Penthouse 3800
>Miami, FL 33131
>Telephone: (786) 431-2228
>Facsimile:  (786) 431-2229
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all registered counsel of record and interested parties through this system.

By: */s/ M. Keith Lipscomb*